UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TERRY THOMAS,

      Plaintiff,

      v.

MARTIN J. O'MALLEY,[1]
Commissioner of Social Security,

      Defendant.

CIVIL ACTION NO. 3:22-CV-01774

(SAPORITO, C.M.J.)

## MEMORANDUM

In this matter, the plaintiff, Terry Thomas, seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. He has been automatically substituted in place of the original defendant, Kilolo Kijakazi. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). The caption in this case is amended to reflect this change.

## I.  BACKGROUND

On September 8, 2017, Thomas protectively filed a claim for disability insurance benefits, asserting a disability onset date of March 5, 2017.[2] Thomas's claims were initially denied by state agency reviewers on March 29, 2018. The plaintiff then requested an administrative hearing.

A video hearing was subsequently held on August 5, 2019, before an administrative law judge, Gwendolyn M. Hoover (the "ALJ"). In addition to the plaintiff himself, the ALJ received testimony from an impartial vocational expert, Paul A. Anderson. The plaintiff was represented by counsel at the hearing.

On September 4, 2019, ALJ Hoover denied Thomas's application for benefits in a written decision. The plaintiff sought further administrative review of his claims by the Appeals Council, but his request was denied on July 27, 2020. Thomas then timely filed a complaint for judicial review in this court on September 8, 2020.

On June 25, 2021, the court granted an unopposed motion by the

---

[2] Thomas originally alleged a disability onset date of December 19, 2014, but later amended it to the date of his fiftieth birthday.

Commissioner to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and final judgment was entered in that prior action for judicial review.

A post-remand telephone hearing was held on December 14, 2021, before the same ALJ. In addition to the plaintiff himself, the ALJ received testimony from an impartial vocational expert, Linda Dezack. The plaintiff was again represented by counsel at this second hearing.

On July 19, 2022, the ALJ denied Thomas's application for benefits in a second written decision. (Tr. 537–48.) The ALJ followed the familiar five-step sequential evaluation process in determining that Thomas was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). At step one, the ALJ found that Thomas had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ found that, as of June 30, 2019—his date last insured for disability insurance benefits—Thomas had the severe impairment of cervical disc disorder status post fusion. At  step  three, the ALJ found that Thomas did not have an impairment or combination of  impairments  that  meets  or  medically  equals  the  severity  of  an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Between steps three and four of the sequential-evaluation process, the ALJ assessed Thomas's residual functional capacity ("RFC"). *See generally Myers*, 373 F. Supp. 3d at 534 n.4 (defining RFC). After evaluating the relevant evidence of record, the ALJ found that Thomas had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567, with the following limitations:

> [H]e could have frequently balanced; occasionally stooped, kneeled, crouched, and climbed ramps and stairs; and never have crawled or climbed ladders, ropes, or scaffolds. He could have frequently pushed, pulled, reached, and handled with both his upper extremities.

(Tr. 542.)

In making these factual findings regarding Thomas's RFC, the ALJ considered his symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence of record. *See generally* 20 C.F.R. § 404.1529; Soc. Sec. Ruling 16-3p, 2017 WL 5180304 (revised Oct. 25, 2017). The ALJ also considered and articulated how persuasive he found the medical opinions and prior administrative medical findings of record. *See generally* 20 C.F.R. § 404.1520c.

At step four, the ALJ concluded that Thomas was unable to perform any past relevant work as a maintenance repairer, light truck driver, and warehouse laborer.

At step five, the ALJ concluded that Thomas was capable of performing other work that exists in significant numbers in the national economy. Based on his age, education, work experience, and RFC, and based on testimony by the vocational expert, the ALJ concluded that Thomas was capable of performing the requirements of representative occupations such as electrode cleaner (DOT # 729.687-014) or sales attendant (DOT # 299.677-010). Based on this finding, the ALJ concluded that Thomas was not disabled for Social Security purposes.

The plaintiff did not seek further administrative review of his claim by the Appeals Council, making the ALJ's July 2022 decision the final decision of the Commissioner subject to judicial review by this court.

The plaintiff timely filed his complaint in this court on November 7, 2022. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II.   DISCUSSION

Under the Social Security Act, the question before this court is not whether the claimant is disabled, but whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See generally* 42 U.S.C. § 405(g)(sentence five); *Myers*, 373 F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits decisions).

Thomas asserts on appeal that the ALJ's decision is not supported by substantial evidence because: (1) the ALJ failed to adequately develop the record in this matter; (2) the ALJ failed to properly consider subjective evidence regarding Thomas's symptoms, including statements or testimony by Thomas himself; and (3) the ALJ failed to discuss all relevant medical and non-medical evidence concerning Thomas's symptoms and impairments.

### A. Duty to Develop the Record

The plaintiff contends that the ALJ erred in failing to adequately develop the record. In particular, the plaintiff argues that the ALJ should have ordered a consultative examination and made greater efforts to

obtain a particular missing record—a functional capacity evaluation that a treatment note indicates was completed a year after the claimant's date last insured.

"ALJs have a duty to develop a full and fair record in social security cases." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). But, "[w]hile an ALJ is required to assist the claimant in developing a full record, he or she has no such obligation to 'make a case' for every claimant." *Durden v. Colvin*, 191 F. Supp. 3d 429, 449 (M.D. Pa. 2016).

> The burden [still] lies with the claimant to develop the record regarding his or her disability because the claimant is in a better position to provide information about his or her own medical condition. The ALJ's only duty in this respect is to ensure that the claimant's complete medical history is developed on the record before finding that the claimant is not disabled. . . . Only if the evidence before the Commissioner is insufficient does the ALJ have the duty to attempt to obtain additional evidence to determine whether a claimant is disabled.

*Money v. Barnhart*, 91 Fed. App'x 210, 215 (3d Cir. 2004). Moreover, for a case to be remanded for failure to develop the record, a plaintiff must show that the missing evidence resulted in prejudice to the plaintiff. *See Durden*, 191 F. Supp. at 450; *Herring v. Colvin*, 181 F. Supp. 3d 258, 271–72 (M.D. Pa. 2014).

The plaintiff's medical records include an October 2021 treatment note that referenced a functional capacity evaluation ("FCE") had been completed a year earlier in October 2020. (*See* Tr. 895.) The plaintiff and his attorney were unsuccessful in obtaining a copy of this FCE from his primary care provider. Plaintiff's counsel requested assistance from the ALJ, who also attempted to obtain a copy of the FCE, likewise without success. (*See* Tr. 538, 839, 846.) In her decision, the ALJ further found that, "as this FCE occurred more than a year after the claimant's date last insured, it has minimal pertinence to whether the claimant was disabled on or before his date last insured." (Tr. 538.)

In his brief, the plaintiff argues that the ALJ erred because she did not issue a subpoena to obtain the missing FCE. Under the regulations, an ALJ has broad discretion to decide whether to issue a subpoena. *See* 20 C.F.R. § 404.950(d)(1) ("When it is reasonably necessary for the full presentation of a case, an [ALJ] . . . may, on his or her own initiative or at the request of a party, issue subpoenas . . . ."); *Serrano v. Kijakazi*, No. 20-3985, 2021 WL 4477137, at *7 (E.D. Pa. Sept. 30, 2021) (noting that the regulation "gives broad discretion to the ALJ to decide whether or not to issue a subpoena"). Notably, the plaintiff never made a formal request

for a subpoena. *See generally* 20 C.F.R.§ 404.950(d)(2) (procedural requirements for a claimant's request for a subpoena); *Ven Ouk v. Berryhill*, No. 16-5509, 2018 WL 1898766, at *8 (E.D. Pa. Apr. 20, 2018). Moreover, the plaintiff's medical records for the relevant period— between his alleged onset date and his date last insured—was complete, and we agree with the ALJ that this particular missing record—a functional capacity evaluation performed one year after the claimant's date last insured—was at best only minimally relevant to whether he was disabled on or before his date last insured. Even without the FCE, we find the evidence of record sufficient for the ALJ to make her disability determination, and, as a consequence, we find no abuse of discretion in the ALJ's failure to issue a subpoena *sua sponte*. *See Walter v. Berryhill*, Civil Action No. 17-1124, 2018 WL 3474645, at *7–*8 (W.D. Pa. July 19, 2018) (no abuse of discretion where plaintiff never formally requested subpoena); *Roberts v. Colvin*, No. 14-51, 2014 WL 5021336, at *3 (W.D. Pa. Oct. 8, 2014) (holding that an ALJ had no duty to subpoena records that were not likely to be material to the ALJ's assessment of disability).

The plaintiff also argues that the ALJ should have obtained a consultative medical examination of Thomas, rather than relying on the

assessments of non-examining state agency medical consultants. The agency's regulations provide that it "may purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [a] claim." 20 C.F.R. §404.1519a(b). An ALJ has "broad latitude in ordering consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997).

> The decision to order a consultative examination is within the sound discretion of the ALJ unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision. Where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim.

*Chalfant v. Comm'r of Soc. Sec.*, No. 20-CV-1719, 2022 WL 838118, at *5 (M.D. Pa. Mar. 21, 2022) (citations, internal quotation marks, and brackets omitted). In this case, however, while the medical evidence may not compel the conclusion the plaintiff desires, it is not inconclusive. Despite the plaintiff's arguments to the contrary, there is no inconsistency in the evidence. Finally, as we discuss more fully below, the evidence as a whole is sufficient to support the ALJ's decision on the plaintiff's claim for benefits. Because a consultative medical examination

was not necessary to enable the ALJ to make her disability decision, we find no abuse of discretion in the ALJ's decision not to order one.

Accordingly, we find that the ALJ adequately developed the record. Thus, a remand on these grounds is not warranted.

### B. Subjective Evidence of the Plaintiff's Symptoms

The plaintiff contends that ALJ Hoover's decision is not supported by substantial evidence because the ALJ erred in her evaluation of Thomas's symptoms. *See generally* 20 C.F.R. § 404.1502(i) ("Symptoms means your own description of your physical or mental impairment.").

Standing alone, a claimant's allegation of pain or other symptoms is not enough to establish an impairment or disability. 20 C.F.R. § 404.1529(a); *Prokopick v. Comm'r of Soc. Sec.*, 272 Fed. App'x 196, 199 (3d Cir. 2008) ("Under the regulations, an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain . . . ."). "An ALJ is permitted to reject a claimant's subjective testimony as long as he or she provides sufficient reasons for doing so." *Prokopick*, 272 Fed. App'x at 199 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).

When evaluating a claimant's subjective allegations of pain or other

symptoms, an ALJ utilizes a two-step process. Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (revised Oct. 25, 2017). First, the ALJ must determine whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *Id.* at *3; *see also* 20 C.F.R. § 404.1529(b). A claimant cannot be found to be "disabled based on alleged symptoms alone." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *4.

Once the ALJ has found that a medically determinable impairment has been established, the ALJ must then evaluate the claimant's allegations about the intensity, persistence, or functionally limiting effects of his or her symptoms against the evidence of record. *Id.* This evaluation requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.*

Here, in evaluating the plaintiff's symptoms, the ALJ expressly considered and extensively discussed both the medical and non-medical evidence in the record. (Tr. 542–46.) This included the plaintiff's

statements and testimony regarding the limiting effects of his symptoms. Based on her consideration of the whole record, the ALJ properly concluded that, while Thomas's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 543.)

The plaintiff argues that the ALJ erred in considering his activities of daily living when evaluating his symptoms. It is indeed true that "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califano*, 637 F.2d 968, 971–72 (3d Cir. 1981). But, nevertheless, an ALJ may properly consider a plaintiff's activities of daily living when evaluating her subjective complaints of pain or other symptoms. *See Turby v. Barnhart*, 54 Fed. App'x 118, 121 n.1 (3d Cir. 2002) ("Although certainly disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity, it is nonetheless appropriate for the ALJ to consider the number and types of activities in which the claimant engages.") (citations, brackets, and internal

quotation marks omitted); *Durden*, 191 F. Supp. 3d at 442 ("[I]t is permissible for such activities to be used to assess a claimant's [subjective allegations] in light of any true contradiction between his or her alleged severity of symptoms and the claimant's activities."). Indeed, the applicable regulations *mandate* such consideration by the ALJ. *See* 20 C.F.R. § 404.1529(c)(3)(i) ("Factors relevant to your symptoms, . . . which we will consider include . . . [y]our daily activities . . . .").[3]

Although Thomas quibbles with the outcome of the ALJ's analysis of the evidence of record, it is clear that the ALJ properly evaluated the plaintiff's symptoms in accordance with the applicable regulations, and that the ALJ reasonably concluded that, notwithstanding the plaintiff's subjective complaints of pain and other symptoms, the evidence as a

---

[3] On this point, the plaintiff also argues that we should remand because the ALJ failed to comply with the mandate of the Appeals Council, which had criticized her discussion of Thomas's activities of daily living in her first, September 2019 decision. But under 42 U.S.C. § 405(g), this court's jurisdiction extends only to the Commissioner's final decision, which in this case is the ALJ's second, July 2022 decision, and not the Appeals Council's remand order. As this court has previously held, we lack the authority to consider whether an ALJ complied with an Appeals Council remand order. *See, e.g.*, *Miller v. Saul*, No. 19-cv-01726, 2020 WL 6822974, at *10 (M.D. Pa. Nov. 20, 2020); *Kissell v. Berryhill*, No. 17-CV-02203, 2018 WL 4207746, at *5 (M.D. Pa. Sept. 4, 2018). Thus, we necessarily decline to consider this particular assignment of error.

whole did not support physical or mental limitations in excess of those set forth in the ALJ's RFC determination. While this same evidence might have also reasonably supported the adoption of substantially greater limitations, it did not compel such a finding.

Accordingly, we find ALJ Hoover's evaluation of the subjective evidence of the plaintiff's symptoms is supported by substantial evidence and was reached based upon a correct application of the relevant law.

## C. Discussion of All Relevant Evidence

The plaintiff also appears to contend that the ALJ's decision is not supported by substantial evidence because the ALJ failed to explicitly discuss all relevant medical and non-medical evidence concerning Thomas's symptoms, limitations, and impairments.

It is well settled, however, that an ALJ is not required to discuss every detail of the record evidence cited in her opinion. *See Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008). "A written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence. Moreover, the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it." *Philips v. Barnhart*, 91

Fed. App'x 775, 780 n.7 (3d Cir. 2004) (citation omitted). Additionally, a hypothetical question posed to a vocational expert need only account for credibly established limitations or impairments. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

Here, the ALJ explicitly considered and addressed the plaintiff's severe and medically determinable non-severe impairments, his subjective complaints of pain and other symptoms, and the medical opinions of state agency medical and psychological consultants. In light of all the evidence, and the ALJ's reasoned consideration of it, we find no error in the ALJ's conclusions with respect to the plaintiff's functional limitations or impairments.

## III.  CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that Thomas was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, the Commissioner's decision denying disability insurance benefits is **AFFIRMED**.

An appropriate order follows.


Dated: March 28, 2024                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         Chief United States Magistrate Judge